OPINION
{¶ 1} After a trial to the bench, R.C. was found to be delinquent for having committed aggravated robbery with a firearm specification. The court committed R.C. to the Department of Youth Services for a minimum period of two years.
 {¶ 2} On appeal, in two assignments of error, R.C. claims the verdict was not *Page 2 
supported by sufficient evidence and was against the manifest weight of the evidence.
 I. {¶ 3} Briefly stated, R.C. and a confederate approached DeMarcus Thomas and JaMichael Howard about buying a cell phone. Arrangements were made to meet later in the day at Meadowdale High School to sell the phone. At the appointed hour, R.C. and his confederate approached JaMichael and DeMarcus on bicycles. The confederate pulled a gun on DeMarcus and held him at gunpoint while he "checked" him, taking a cell phone and five dollars. Meanwhile, R.C. — who did not pull a gun-checked JaMichael but took nothing from him.
 II. {¶ 4} Both assignments of error are limited to whether the victims' identification of R.C. as one of the two robbers was established by sufficient evidence and the manifest weight of the evidence.
 {¶ 5} Both JaMichael and DeMarcus identified R.C. in court as one of the two robbers.
 {¶ 6} R.C. claims that JaMichael made inconsistent statements to Det. Saunders — who investigated the robbery — about whether R.C. had a gun, first saying he did and then saying he didn't. Although JaMichael appears to have given inconsistent statements to Det. Saunders, the trial court testimony of both JaMichael and DeMarcus was that it was the confederate — not R.C. — who pulled the gun.
 {¶ 7} R.C. also seems to suggest that because DeMarcus couldn't see the gunman's face — because he was wearing a hoodie — he likewise wouldn't have been able to see R.C.'s face, because R.C. was also wearing a hoodie. But DeMarcus *Page 3 
testified "his (R.C.'s) face was showing." DeMarcus also testified that he identified R.C. at a lineup and selected his picture from a photo array. Det. Saunders testified that he arrested R.C. at Meadowdale High School a few days after the robbery after JaMichael had identified him as one of the robbers.
 {¶ 8} R.C. was the sole defense witness and testified that he was at home with a toothache at the time of the robbery.
 III. {¶ 9} Notwithstanding JaMichael's inconsistent statements to Det. Saunders and R.C.'s alibi testimony, we conclude that the conviction was based on sufficient evidence — State v. Jenks (1991), 61 Ohio St.3d 259, paragraph 2, syllabus — and was not against the manifest weight of the evidence — State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 10} The assignments of error are overruled.
 IV. {¶ 11} The judgment will be affirmed.
FAIN, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1